UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| LAURIE BORDOCK, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 3:14-cv-01753 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| DOLLAR GENERAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### O R D E R

The plaintiff, currently located in Poteau, Oklahoma,[1] brings this *pro se* action against Dollar General, Inc. for "civil rights violations" and defamation. (Docket No. 1 at p. 1). The plaintiff seeks $1 billion in damages. (Docket No. 1 at p. 3).

The plaintiff has filed an application to proceed *in forma pauperis*. (Docket No. 2). A review of the application shows that the plaintiff has insufficient financial resources to pay the filing fee in this action. Therefore, the Clerk will file the complaint *in forma pauperis*. 28 U.S.C. § 1915(a). However, process shall not issue.

The court must screen *in forma pauperis* complaints pursuant to 28 U.S.C. § 1915(e)(2) to determine if the complaint contains claims that are frivolous, malicious, or fail to state claims upon which relief can be granted. *Id.*

A review of the court's records shows that, on January 18, 2013, the plaintiff brought an action against the same defendant named in the instant complaint, alleging the many of the same facts as those raised in the instant complaint. *See Bordock v. Dollar General, Inc.,* Case No. 3:13-

---

[1] The plaintiff states that she is homeless and "constantly travels all over." (Docket No. 2 at p. 5). As a result, she lists no legal residence but indicates that she is currently staying at a motor inn in Poteau, Oklahoma. (*Id.*)

1

cv-00043 (Trauger, J.) On February 12, 2013, the court dismissed the complaint with prejudice, finding that the plaintiff's allegations failed to state a claim upon which relief can be granted. (Docket No. 7). The plaintiff appealed the dismissal. (Docket No. 16). On September 27, 2013, the Sixth Circuit Court of Appeals dismissed her appeal for want of prosecution (Docket No. 19).

The broad doctrine of *res judicata* encompasses both claim preclusion (*res judicata*) and issue preclusion (collateral estoppel). *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated, as well as every theory of recovery that could have been presented. *Id.* Under issue preclusion, once an issue actually is determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action when used against any party to the prior litigation. *Montana v. United States*, 440 U.S. 147, 152-54 (1979). Dismissal with prejudice is considered a final judgment on the merits for purposes of *res judicata*. *See Haddad v. Mich. Nat'l Corp.*, 34 Fed. Appx. 217, 218 (6th Cir. 2002)(citing *Matter of W. Tex. Mktg. Corp.*, 12 F.3d 487, 501 (5th Cir. 1994)).

After reviewing the plaintiff's instant complaint, it appears that the plaintiff has simply restated the same or similar civil rights allegations against the same defendant. The court already has rendered a final decision on the merits regarding the plaintiff's civil rights claims against Dollar General, Inc. As a result, those claims are barred by the doctrine of *res judicata* and will be dismissed with prejudice.

However, in her more recent complaint, the plaintiff alleges that the district manager of a Dollar General store in Roteau, Oklahoma, banned the plaintiff from entering the store and the plaintiff was subsequently issued a citation for trespassing when she attempted to enter another

Dollar General store in Roteau, Oklahoma. The plaintiff claims that this citation has "smeared [her] decent reputation." (Docket No. 1 at p. 2).

Defamation is a state law claim, not a federal claim. The events that gave rise to the alleged defamation of the plaintiff occurred in Oklahoma. The alleged tortfeasor, the district manager of a Dollar General store, is located in Oklahoma. The plaintiff is currently living in Oklahoma. Title 28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

However, the district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it ha[d] original jurisdiction . . . ." *Id.* at § (c)(3).

Having dismissed the plaintiff's federal claims, the court declines to exercise supplemental jurisdiction to hear the plaintiff's remaining state tort claim of defamation. As such, the plaintiff's defamation claim will be dismissed without prejudice to be filed, if the plaintiff so chooses, in an Oklahoma state court.[2]

For the reasons explained above, the plaintiff's civil rights claims against Dollar General, Inc. are barred by the doctrine of *res judicata*. Those claims are hereby **DISMISSED WITH PREJUDICE**. However, as to the plaintiff's remaining state law defamation claim, the court declines to exercise supplemental jurisdiction over the claim. The plaintiff's defamation claim is

---

[2]The court makes no representations regarding any applicable statute of limitations for the plaintiff's state law claim.

hereby **DISMISSED WITHOUT PREJUDICE** to the plaintiff's ability to pursue that claim in an appropriate court.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge